**CLEVELAND TRUST CO v ZORMAN, et**

Ohio Appeals, 6th Dist, Cuyahoga Co

No 16542. Decided Dec 19, 1938

J. J. Bergeron, Cleveland, for Plaintiff-Appellant.

Hershel Holland, Cleveland, for Defendants Appellees.

## OPINION

By LIEGHLEY, J.

The plaintiff in this proceeding seeks a judgment against the Prisels for the amount of a deficiency judgment arising from foreclosure. The Prisels are the makers of a note secured by mortgage. The property went to foreclosure resulting in a deficiency.

After the Prisels became the makers of the note and mortgage, they conveyed the property to the Zormans who assumed and agreed to pay the obligation of the note and mortgage.

The Prisels now claim that upon the assumption of this note and mortgage, by their grantees, the bank released and discharged them from their obligation on the note in consideration of their procuring a purchaser who assumed the obligation.

It is agreed that one George F. Schulze was at all times involved herein the manager of the St. Clair Avenue East 55th Street branch of the Cleveland Trust Company and that he was delegated the authority and duties of supervising the making of loans and doing all things incident thereto.

The Prisels interposed the defense of novation in this action and depend for the establishment of their defense almost exclusively upon the broad powers and activities of Schulze in and about the making of loans for the bank. It is claimed that he released them, which is positively denied. Full power and authority to supervise the loan department of a branch bank is a far cry from authority and legal right to discharge the maker of a note from his obligation thereon without consideration. There is no allegation nor proof that said branch manager had any legal right or authority to release the defendants from their obligation on the note, nor may such authority be inferred from the fact that he had general charge of the loan department of the branch bank.

**State ex rel v Frasier, 133 Oh St 283.**

Counsel for defendants now claim that the judgment entered below should be sustained for the reason that plaintiff never filed a reply to their affirmative defense.

The record discloses that the parties went all the way through the trial without defendants raising any objection to the failure of the plaintiff to reply. The defendants offered such evidence as they cared to offer in support of their affirmative defense. The plaintiff in rebuttal offered its evidence directed to said issue without objection from the defendants by reason of no reply which constitutes a waiver by defendants by proceeding without objection. In addition, in effect the defendants, by their counsel, expressly waived the failure of plaintiff to file a reply as appears on page 59 of the Bill of Exceptions.

The judgment is reversed as contrary to law, and final judgment is entered for plaintiff appellant. Exceptions.

LEVINE, PJ, TERRELL, J, concur.